UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>R.G. PHARMACY, INC. d/b/a<br>THE MEDICINE SHOPPE<br><br>Debtor | Chapter 11<br><br>Case No. 07-20082 |

**APPEARANCES:**

Elizabeth J. Austin, Esq.
Pullman and Comley, LLC
850 Main Street, P.O. Box 7006, Bridgeport, CT 06601-7006
Counsel for Debtor

Richard J. Bernard, Esq. and Lawrence S. Grossman, Esq.
c/o Lawrence S. Grossman, Esq., Zeisler & Zeisler, P.C.
558 Clinton Avenue, P.O. Box 3186, Bridgeport, CT 06605-0186
Counsel for Creditors Medicine Shoppe Int'l, Inc. and Cardinal Health 110, Inc.

B. Amon James, Esq.
Office of the United States Trustee
One Century Plaza, 265 Church Street, Suite 1103, New Haven, CT 06510
Counsel for United States Trustee

## RULING DENYING DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD

KRECHEVSKY, U.S.B.J.

I.

The matter before the court is a Chapter 11 debtor's motion for an order, pursuant to Bankruptcy Code §1121(d), further extending the debtor's exclusivity period in which to file a plan of reorganization ("the motion"). Two of the estate's creditors have filed objections to the granting of the motion. There is no creditors' committee for the debtor's estate, and the Office of the United States Trustee advised

the court it takes no position on the merits of the motion.

## II.

## BACKGROUND

### A.

R.G. Pharmacy, Inc. d/b/a The Medicine Shoppe ("the debtor"), on January 19, 2007, filed a Chapter 11 petition. The debtor operates a retail pharmacy in leased premises in Manchester, Connecticut. The debtor conducts its business as a franchisee of Medicine Shoppe International, Inc. ("MSI") under a License Agreement between it and MSI, dated January 10, 1986, as amended in June, 2001 ("the License Agreement"). MSI holds a security interest in all of the debtor's assets. Cardinal Health 110, Inc. ("CH110") is the parent company of MSI and the debtor's prepetition distributor of the products the debtor sells. The debtor's sole stockholder is Roy Katz.

The court previously entered several consented-to orders granting the debtor the right to use MSI's cash collateral. On June 4, 2007, the court granted a consented-to motion, extending to August 17, 2007, the period in which the debtor has the exclusive right to file a plan. The debtor, on July 24, 2007, filed its present motion with a hearing date set for August 16, 2007. MSI and CH110 (together "the objecting creditors"), on August 15, 2007, filed their objections. At the hearing, neither the debtor nor the objecting creditors presented testimony, both sides advising the court that it may decide the motion solely on the basis of the court files and arguments.

The motion recited as the primary justification for its granting the need to resolve disputes between the debtor and the objecting creditors before a plan can be filed by it or anyone. The debtor and the objecting creditors concededly were engaged

2

in negotiations following the commencement of the case. At the hearing, the parties agreed they had reached an impasse and negotiations had ended. At the request of the court, the parties filed additional briefs on August 24, 2007 to treat the issues as they now exist.

### B.

The debtor's bankruptcy schedules indicate that MSI holds a secured claim (Schedule D) of $2,507,132.00, or 82% of total scheduled secured claims; and that CH110 holds an unsecured claim (Schedule F) of $1,611,668.15, or 98% of total scheduled unsecured claims. Of that amount, the debtor has stipulated, and the court has found, that CH110 holds an allowed administrative claim of $1,025,000 for goods delivered to the debtor's drugstore 20 days prior to the filing of the petition. The debtor, on August 10, 2007, commenced an adversary proceeding objecting to the claims of MSI by asserting numerous counterclaims against MSI. MSI, on August 16, 2007, filed motions in the adversary proceeding (1) to compel binding arbitration pursuant to the License Agreement and (2) for withdrawal of the adversary proceeding to the district court from the bankruptcy court. See 28 U.S.C. §157(d).

The United States and the State of Connecticut (together "the government") have filed proofs of claim (not included in the debtor's schedules) asserting an estimated aggregate unsecured claim of $2,717,171 in connection with their ongoing investigation into the debtor's alleged lack of compliance with the requirements of the Medicaid program in the conduct of its business. The debtor filed motions, on August 8, 2007, for orders authorizing it to reject the Licensing Agreement, and a Marketing Plan Participation Agreement with MSI. MSI moved, on August 16, 2007: (1) for the

3

appointment of a Chapter 11 trustee; (2) to modify the automatic stay so that it may enforce its security agreement; and (3) to terminate the debtor's exclusivity period.

## III.

### DISCUSSION

### A.

"11 U.S.C. § 1121 establishes the time lines for filing plans of reorganization. Section 1121(a) permits the debtor to file a plan of reorganization at any time. However, § 1121(b) gives the debtor in possession the exclusive right to file a plan during the 120 day period after the date of the order of relief under Chapter 11." In re Hoffinger Industries, Inc., 292 B.R. 639, 643 (8th Cir. B.A.P. 2003). Extensions of the debtor's exclusivity period are governed by §1121(d), as follows:

> (d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
> (2)    (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>        (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

"A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific. The elements that constitute 'cause' aren't outlined in the Code, but the case law has identified factors that normally are considered when determining whether 'cause' exists to reduce or increase the Debtor's exclusivity period." In re Adelphia Communications Corp., 352 B.R. 578, 586 -587 (Bankr. S.D.N.Y. 2006). Both the debtor and the objecting creditors, in their initial

4

memoranda of law, focused on the nine fact-sensitive factors, enumerated in <u>Adelphia</u>:

> (a) the size and complexity of the case;
> (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
> (c) the existence of good faith progress toward reorganization;
> (d) the fact that the debtor is paying its bills as they become due;
> (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
> (f) whether the debtor has made progress in negotiations with its creditors;
> (g) the amount of time which has elapsed in the case;
> (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
> (i) whether an unresolved contingency exists.

<u>Id.</u> at 587.

"Since the debtor seeks the extension, the burden is on it to demonstrate the existence of good cause." <u>In re Newark Airport/Hotel L.P.</u>, 156 B.R. 444, 451 (Bankr. D.N.J. 1993), <u>aff'd</u> 155 B.R. 93 (D.N.J. 1993). "11 U.S.C. 1121(d) requires that an affirmative showing of cause, supported by evidence, be made by the party seeking the extension ... of time." <u>In re Parker Street Florist & Garden Center, Inc.</u>, 31 B.R. 206, 207 (Bankr. D.Mass. 1983).

<u>B.</u>

The debtor's bankruptcy case is not particularly large. The debtor, which has assets of just under $4,000,000 and employs 44 people, has few major creditors (the objecting creditors and the government) and only one equityholder. The breakdown of negotiations between the debtor and the objecting creditors impacts several of the considerations cited in <u>Adelphia</u>, making the requested extension unlikely to significantly improve progress toward an effective reorganization. See <u>Adelphia</u>, 352 B.R. at 587 (factors (b),(c),(e),(f), and (i)).

5

The ongoing government Medicaid investigation and the matters raised in the pending adversary proceeding present unresolved issues affecting the largest claims asserted against the debtor and the debtor's value as a viable business. The debtor now argues that such unresolved contingencies favor extending the debtor's exclusivity period. The existence of such issues will not ordinarily be sufficient to establish the requisite cause for granting an extension. See, e.g. In re Lake in the Woods, L.P., 10 B.R. 338, 342 (E.D. Mich. 1981) (holding that pending litigation over title to the land on which the debtor's apartment complex was situated was not sufficient cause to extend the exclusivity period). "The ordinary Chapter 11 debtor is expected to bring with it litigation, or the potential for it. Litigation with creditors is not an unusual circumstance, and the fact that litigation is pending with creditors is not in itself sufficient cause to justify an extension of the exclusivity period. Only under extreme circumstances would the existence of litigation constitute cause for an extension...." In re Southwest Oil Co. of Jourdanton, Inc., 84 B.R. 448, 452 (Bankr. W.D. Tex. 1987). Courts have often cited the legislative history of §1121, which indicates that the Bankruptcy Code imposed limitations on the debtor's exclusive right to file a plan in order to balance the bargaining positions of debtors and creditors in negotiating the terms of a reorganization. See, e.g., Lake in the Woods, 10 B.R. at 342-344.

The breakdown of negotiations between the debtor and the objecting creditors affects a number of the factors, supra, and the debtor has not shown that the 120-day extension sought is likely to significantly improve the progress of the case. The court is not persuaded that the contingencies noted are cause for granting the extension, particularly in light of the breakdown of negotiations between the parties. "The fact

that the debtor no longer has the <u>exclusive</u> right to file a plan does not affect its concurrent right to file a plan. Denying [the] motion only affords creditors their right to file a plan; there is no negative affect [sic] upon the debtor's coexisting right to file its plan." <u>Parker Street</u>, 31 B.R. at 207.

The court concludes that the debtor has not met its burden of establishing the good cause requisite for the court to grant an extension of the exclusivity period and that the motion should be denied.

### IV.

### CONCLUSION

In accordance with the forgoing discussion, the debtor's motion for an extension of the exclusivity period is denied. However, in accordance with the court order entered August 20, 2007, the exclusive right of the debtor to file a plan is extended to seven days from the date of this ruling.

Dated at Hartford, Connecticut this 29th day of August, 2007.

/s/ Robert L. Krechevsky
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: )<br>R.G. PHARMACY, INC. d/b/a )<br>THE MEDICINE SHOPPE )<br>)<br>Debtor )<br>) | Chapter 11<br><br>Case No. 07-20082 |

## ORDER DENYING MOTION TO EXTEND
## DEBTOR'S EXCLUSIVITY PERIOD

This action came on for hearing before the Court, Honorable Robert L. Krechevsky, United States Bankruptcy Judge, presiding, and the issues having been duly heard and a ruling of even date having been duly rendered, it is

ORDERED AND ADJUDGED that the debtor's motion to extend the period during which it has the exclusive right to file a plan is denied; and that the extension granted in the court's order of August 20, 2007 shall expire seven days from the date of this order.

Dated at Hartford, Connecticut this 29th day of August, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE